# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerardo Correra-Arriaga, | No. CV-26-05228-PHX-EJM |
| Petitioner, | **ORDER** |
| v. | |
| Markwayne Mullin, et al., | |
| Respondents. | |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Pursuant to General Order 26-09, the Court directed Respondents to show cause why the Petition should not be granted. (Doc. 4.) In the Response, Respondents state that "[t]he Government does not oppose a bond hearing. *See Rodriguez Vasquez v. Bostock*, _ F.4th _ (9th Cir. 2026)." (Doc. 7.) The Court accepts this concession as non-opposition to granting the Petition in part and granting a bond hearing.

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted in part** as described herein.

(2) Respondents must release Petitioner from custody under the same conditions that existed before his detention or provide Petitioner a bond redetermination hearing within **SEVEN (7) CALENDAR DAYS** of this order unless Petitioner requests a continuance, in which case Respondents must notify the Court and provide the continued date for the bond hearing.

Petitioner—including any counsel—must be given at least two days' notice of the bond hearing.

(3) Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing Petitioner a bond hearing. **If applicable, that notice must include the result of the bond hearing.**

(4) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 31st day of July, 2026.

Eric J. Markovich
United States Magistrate Judge